UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JANNELE N. DAY,

    Plaintiff,

vs.

DOLGEN MIDWEST LLC,
*doing business as*
DOLLAR GENERAL, *et al.*,

    Defendants.

Case No. 3:25-cv-226

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFF'S UNOPPOSED MOTIONS TO VOLUNTARILY DISMISS DEFENDANT DOLLAR GENERAL STORE 22897 AND HER REQUEST FOR PUNITIVE DAMAGES (Doc. No. 14); (2) GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS SEEKING TO DISMISS DEFENDANT DOLLAR GENERAL STORE 22897 AND PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES (Doc. No. 10); (3) DISMISSING, THEREFORE, DEFENDANT DOLLAR GENERAL STORE 22897 AS A PARTY TO THIS CASE AND PLAINTIFF'S CLAIMS FOR PUNITIVE DAMAGES AND ATTORNEY'S FEES; (4) INSTRUCTING THE CLERK OF COURT TO MODIFY THE DOCKET TO REFLECT THAT DEFENDANT DOLLAR GENERAL STORE 22897 IS NO LONGER A PARTY TO THIS CASE; AND (5) CONFIRMING THAT THE OHIO DEPARTMENT OF MEDICAID'S STATUS IS UNAFFECTED BY THIS DECISION**

---

    This is a personal injury slip and fall case arising from events that allegedly occurred at Dollar General store number 22897 in Xenia, Ohio. Doc. No. 8. Plaintiff Jannele N. Day, through counsel, seeks relief against two Defendants: the store itself (Defendant Dollar General Store 22897) and Dollar General's corporate entity (Defendant DolGen Midwest LLC doing business as Dollar General) (collectively, "Defendants").[1] *Id.*

    Now before the Court is Defendants' Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Doc. No. 10. In their motion, Defendants argue (1) Plaintiff fails to state an actionable

---

[1] The Ohio Department of Medicaid is also a party in this case in order to recover the monies it expended on Plaintiff's medical services and care pursuant to Ohio Rev. Code § 5160.37. Doc. No. 8 at PageID 60-61; Doc. No. 9 at PageID 63.

claim against Defendant Dollar General Store 22897, and (2) she also fails to state a claim for punitive damages or attorney's fees against either Defendant. *Id.* at 66-69. Plaintiff did not file a responsive memorandum, and the time for doing so has passed. S.D. Ohio Civ. R. 7.2(a)(2). Accordingly, the Court deems the motion unopposed.

Also now at issue are two Fed. R. Civ. P. 21 motions filed by Plaintiff—apparently in response to Defendants' motion—seeking similar relief as that sought by Defendants: Plaintiff now moves to voluntarily dismiss her claims against Dollar General Store 22897 and to dismiss her request for punitive damages against both Defendants. Doc. No. 14. Defendants (for somewhat obvious reasons) did not file an opposition memorandum to these motions, and the time for doing so has passed. S.D. Ohio Civ. R. 7.2(a)(2). Accordingly, the Court also deems these motions unopposed.

All three motions are ripe for review.

Pursuant to Fed. R. Civ. P. 12(c) and 21, for good cause shown, and in the absence of opposition, the three motions are **EACH GRANTED**. This means, as a practical matter, that Defendant Dollar General Store 22897 is no longer a party to this case, and that Plaintiff no longer seeks either punitive damages or attorney's fees from the remaining Defendant, DolGen Midwest LLC doing business as Dollar General. The Clerk of Court **SHALL MODIFY THE DOCKET** to reflect that Dollar General Store 22897 is no longer a party to this case.

The Court also **CLARIFIES** that the Ohio Department of Medicaid's status is **UNAFFECTED** by this decision.

**IT IS SO ORDERED.**

January 30, 2026                                        s/*Michael J. Newman*
                                                         Hon. Michael J. Newman
                                                         United States District Judge